UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCOS A. HERRERA-AMADOR,

                               Plaintiff,

                -against-

Police Officer KEVIN LEE Shield # 7655, and
Detective KEVIN ARIAS Shield # 152,

                        Defendants.

**FINAL JURY CHARGE**
**16-CV-5915 (NGG) (VMS)**

NICHOLAS G. GARAUFIS, United States District Judge.

Members of the jury, thank you for your attention as you heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you, even if you do not believe that it should be the law. If any attorney has stated a legal principle different from what I explain in my instructions, you must follow my instructions. You must not ask anyone else about the law. You must not consider any advice about the law from anyone else but me.

On the other hand, you the jury are the sole, exclusive judges of the facts. It is your fundamental duty to decide, from all the evidence that you have heard and the exhibits that have been submitted, what the facts are. As the sole judges of the facts, you must decide which of the witnesses you believed, what portions of their testimony you accepted, and what weight to give to that testimony.

In the course of the trial, it has been necessary for me to rule on the admission of evidence and on motions made about the applicable law. You must not conclude from anything I said during the trial that I favor one party over another. On occasion, I may have asked questions of a witness. You should attach no special significance to these because they were asked by the court. I will instruct you about the law to apply in this case, but it is <u>your</u> function, not mine, to determine the <u>facts</u>.

In these closing instructions, I will begin with some general instructions that apply in every case. For example, I will explain how to weigh the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

## I.    GENERAL INSTRUCTIONS

When you retire to the Jury Room, you will be provided with a Jury Verdict Sheet that contains a series of questions. Answer each question based on the facts as you understand them. Please answer the

questions as they are asked on the Verdict Sheet. You should not decide who you think should win in the abstract, and then work backwards to answer the questions on the Verdict Sheet. Your answers and your verdict must be unanimous.

### A.    Impartial Consideration of the Evidence

Under your oath as jurors, you must be guided solely by the evidence during the trial, without regard to the consequences of your decision. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. All persons and entities are equal before the law.

### B.    Burden of Proof: Preponderance of the Evidence

Please remember that a person who brings a lawsuit seeking damages is not necessarily entitled to judgment in his or her favor. A plaintiff has a right to make legal claims, but the plaintiff bears the burden of <u>proving</u> those claims at trial. In a civil action, such as this one, the burden is on the plaintiff to prove every essential element of his claim by a preponderance of the evidence. If the proof fails to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for defendants as to that claim.

To establish something "by a preponderance of the evidence" means to prove that it is more likely than not. In other words, a preponderance of the evidence means an amount of evidence that, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.

Please understand that the "preponderance of the evidence" does <u>not</u> refer to the number of witnesses, the number of exhibits, or the amount of time each party used in making its case. The phrase refers to the <u>quality</u> of the evidence, the weight of the evidence, and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports that claim must appear to you as more nearly representing what took place than the evidence opposed to the plaintiff's claim. If it does not, or if you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendants. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

Additionally, when you go to the deliberation room, you must weigh the evidence as to each Defendant as an individual. You must weigh the evidence, deliberate, make findings and render decisions as to Mr. Herrera-Amador's claim, treating each of Mr. Lee and Mr. Arias as an individual in deciding the claim against each Defendant. Then, you will complete a verdict sheet that corresponds to each Defendant. Stated differently, in order to find a defendant liable, you must find that the plaintiff has met his evidentiary burden as to that defendant on the claim. If you do not find that plaintiff has met his

2

evidentiary burden as to that defendant, you may not find that defendant liable to the plaintiff on that claim.

### C.   Credible Evidence

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may consider the testimony of all the witnesses regardless of who may have called them, and all exhibits that have been admitted in evidence, regardless of who may have produced them. You may not, however, rely on any evidence that I instructed you to disregard at any point during the trial. Any evidence that was excluded was not legally admissible, and therefore should not be considered.

At times during the trial, I have sustained objections to questions asked without allowing the witness to answer. You may not draw any inference or conclusions from an unanswered question. Do not speculate as to what the witness would have said if permitted to answer the question. The law requires that your decision be made solely upon the evidence that was properly put before you.

Certain things are not evidence, and should be disregarded when you are deciding the facts. Nothing said or done by the court is evidence. In addition, opening and closing arguments by the lawyers are not evidence, nor do they provide instructions on the law that you are to apply in this case. They are intended only to assist you in an understanding of what the evidence has shown, from each party's perspective, and the parties' arguments about the law.

### D.   Direct and Circumstantial Evidence

I will now give you some rules about the various types of evidence, and about how to evaluate the testimony of witnesses. After that, I will discuss the plaintiff's specific claim against the defendants, and finally, what the plaintiff must prove in order to prevail.

In your deliberations, you may consider both direct and circumstantial evidence. As I explained at the start of trial, "direct evidence" is generally the testimony of a person who claims to have actual and direct knowledge of a fact, for example, the testimony of an eyewitness who claims to have seen an event.  So, if you went outside and saw that it was raining, your observation would be "direct evidence" of rain.

"Circumstantial evidence," on the other hand, is generally testimony about a chain of facts that may lead to some kind of conclusion.  For example, if you were to come to court on a sunny day and then, after several hours in this courtroom with the window shades down, you were to see two people entering, one wearing a wet raincoat and the other shaking a wet umbrella, you might infer from these circumstances that it had rained while you were here in court.  This is "circumstantial evidence" of rain.

In any event, the law does not require you to make a distinction between "direct evidence" and "circumstantial evidence."  In considering the evidence in this trial, you should give it such weight or importance as you think it deserves, whether it is called "direct" or "circumstantial" evidence, and make the deductions and reach the conclusions to which your experience and common sense lead.

### E.    Inferences

As I have said, you are required to base your decision on the evidence that was admitted at trial. You may, however, draw reasonable inferences from the testimony and exhibits. An inference is not a suspicion or a guess. It is, rather, a logical, factual conclusion that you might reasonably draw from other facts that have already been proven, whether through direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense. There are times when, looking at the same pieces of evidence, the plaintiff may ask you to draw one set of inferences, while the defendants asks you to draw another. It is for you to decide what facts have been proven, and what inferences you will draw from those facts.

### F.    Witness Credibility

You have listened to the testimony of a number of witnesses. You are the sole judge of the "credibility," or believability, of each witness and the weight to be given to his or her testimony.

In reaching that decision, you may take into consideration factors like the witness's demeanor, attitude, and behavior; any interest the witness may have in the outcome of the case; and the witness's relationship with any party in the case. You may also consider the witness's inclination to speak truthfully or not, as well as the probability or improbability of the witness's statements in light of all the other facts and circumstances in evidence. In short, you may give the testimony of any witness exactly as much weight and value as you believe the testimony of the witness is entitled to receive.

If, based on all the evidence, you believe that a witness testified falsely concerning some important fact, you have the right to reject that witness's testimony, especially if you believe the witness has deliberately attempted to deceive you. You may choose to disregard the witness's testimony as to that specific fact, or you may decide that the witness was generally not believable and reject the witness's entire testimony. Of course, there is always the possibility that a witness simply made a mistake. It's normal for people to forget some things, or remember certain things inaccurately. An inadvertent mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood, or simply an innocent lapse of memory. You may also consider whether the statement concerned an important fact in the case, or only an unimportant detail. As with all other types of evidence in the trial, it's up to you to decide who to believe and how much weight to put on each witness's testimony.

Where the testimony is conflicting and irreconcilable, and the jury has no reason to suspect the credibility of the witnesses, you may resort to the other types of evidence in the case in determining the preponderance of the evidence. In other instances, you may find that the testimony of a single witness is enough to prove a particular fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you find that single witness to be wholly credible.

### G.   Interested Witnesses

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. That kind of an interest may sway a witness to testify in a way that advances his or her own interests. For example, the Plaintiff and the Defendants are parties to the action, so they are obviously interested witnesses.

If you find that a witness may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of that witness's testimony. Of course, a witness's interest in the outcome of the trial does not automatically mean that their testimony must be disbelieved. An interested witness is not necessarily less believable than a disinterested witness. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on the witness's demeanor on the stand and any other factors you find relevant, whether or not the testimony has been influenced intentionally or unintentionally by his or her interests. You may, if you consider it proper, under all of the circumstances, discount the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness and may accept all or such part of his or her testimony as you find reliable, and reject such part as you find unworthy of acceptance.

### H.   Depositions

You may have also heard discussion of testimony that witnesses gave during depositions. A deposition is a procedure where the attorneys for one side may question a witness or an adversary party under oath, before a court stenographer, prior to trial. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

### I.   Note Taking by Jurors

You were permitted to take notes during the course of this trial. You may not show your notes to any other juror. You may not substitute your notes for your own recollection of the evidence in the case. Also, the fact that a particular juror has taken notes does not entitle that juror's views to greater weight than the views of any other juror. If, in the course of your deliberations, your recollection of part of the testimony should fail, you may request that a portion of the transcript of these proceedings be provided to you. Please be as specific as possible regarding what portion you wish to review.

## II.   APPLICABLE LAW

Now I will instruct you on the law that controls the claim in this case. Mr. Herrera-Amador alleges that he was subjected to malicious prosecution, in violation of his constitutional rights and federal law. I will walk through this claim to define its elements in turn.

### A.   Overview of the Plaintiff's Claim

Now let's turn to the substance of Mr. Herrera-Amador's legal claim. He alleges that:

Defendants Kevin Lee and Kevin Arias subjected Mr. Herrera-Amador to malicious prosecution, in violation of 18 U.S.C. § 1983, which creates liability for "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .  subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"

This law includes three requirements, which I will explain to you in turn. First, that a defendant was acting under color of law. Second, that the plaintiff was deprived of rights, in this case a constitutional right. And third, that a defendant's actions proximately caused the plaintiff's injuries.

### B.   Under Color of Law

Let us begin with the concept of acting under color of law. As is relevant to this case, acting under color of law means that a defendant was taking actions as part of their positions as members of the New York City Police Department. This issue is not in dispute in this case, so it will not be included on the Verdict Sheet when you deliberate.

### C.   Deprivation of Constitutional Rights

Mr. Herrera-Amador claims that Mr. Lee and Mr. Arias violated the Fourth Amendment of the United States Constitution by causing him to be maliciously prosecuted. Specifically, Mr. Herrera-Amador alleges that Mr. Lee and Mr. Arias caused his malicious prosecution by providing the prosecutor with information they knew was false.

To prove malicious prosecution, Mr. Herrera-Amador must prove to a preponderance of the evidence four things: (1) criminal proceedings were initiated or continued against him by the defendant; (2) the proceedings were terminated in his favor; (3) there was no probable cause for the commencement of the proceeding; and (4) the defendant's actions leading to the initiation of the proceeding against plaintiff were motivated by the defendant's malice. The parties do not dispute that the criminal proceedings against Mr. Herrera-Amador were terminated in his favor, so I instruct you that this element has been met. Accordingly, I will only instruct you on the remaining three points.

The first point is that the defendant initiated or continued criminal proceedings against Mr. Herrera-Amador. A defendant is responsible for initiating or continuing criminal proceedings if they required a prosecutor to prosecute; gave the prosecutor, directly or indirectly, information which the defendant knew to be false, including through filing a felony or misdemeanor complaint with such false information, or withheld information that a reasonable person would realize might affect the prosecutor's determination of whether to prosecute. A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendants gave the prosecutor information that the defendant knew to be false or distorted the process by which the plaintiff's prosecution was pursued, the defendant is responsible for initiating the prosecution.

6

The Assistant District Attorney who handled the proceedings against Mr. Herrera-Amador is not a defendant in this case, and the defendants may not be held responsible for the Assistant District Attorney's actions except as I have just discussed, such as if they caused the prosecution by giving the prosecutor information they knew was false.

The second point is whether there was probable cause to initiate the criminal proceedings against Mr. Herrera-Amador. You may have heard this term before. In this case, the question is, if the Defendants caused proceedings to be initiated or continued against Mr. Herrera-Amador, whether they had probable cause to prosecute at that time. Probable cause to prosecute exists when, at the time the proceeding was initiated, the officer has knowledge of facts or circumstances which are collectively of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience, that it is reasonably likely that the person charged could be successfully prosecuted. In other words, probable cause exists when a prudent officer would believe that the person charged could be successfully prosecuted.

Because the existence of probable cause is analyzed from the perspective of a reasonable officer, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause. Once the officer's knowledge is sufficient that a reasonable officer would conclude the person can be successfully prosecuted, the officer is not required to explore or eliminate every theoretically plausible claim of innocence.  Further, an officer may have probable cause even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.

Mr. Herrera-Amador was charged with robbery in the first degree, criminal possession of a weapon in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree. The probable cause determination is made based on what facts must be shown to successfully prosecute for that charge, so I'll briefly explain the elements of each of these charges.

- Robbery in the first degree, under New York Penal Law § 160.15, is when a person forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: 1) causes serious physical injury to any person who is not a participant in the crime; or 2) is armed with a deadly weapon; or 3) uses or threatens the immediate use of a dangerous instrument; or 4) displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that it does not apply if such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.

- Criminal possession of a weapon in the second degree, under New York Penal Law § 265.03, is when (1) with intent to use the same unlawfully against another, such person: (a) possesses a machine-gun; or (b) possesses a loaded firearm; or (c) possesses a disguised gun; or (2) such person possesses five or more firearms; or (3) such person possesses any loaded firearm. Such possession is not a violation if it takes place in the person's home or place of business.

- Grand larceny in the third degree, under New York Penal Law § 155.35, is when a person steals property 1) with a value exceeding three thousand dollars; or 2) the property is an automated teller machine or its contents.

- Criminal possession of stolen property in the third degree, under New York Penal Law § 165.50, is when a person knowingly possesses stolen property, with intent to benefit himself or a person other than the owner or to impede the recovery by the owners, and when the value of the property exceeds three thousand dollars.

The third and final point is that a defendant acted with malice. A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the rights of the person accused. For example, a prosecution may be initiated or continued out of malice when a person acts out of ill will, personal hostility, or a desire to punish a person without due process. Malice may be inferred from a lack of probable cause.

### D. Proximate Cause

The final element I will explain to you is proximate cause. Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the defendant you are considering and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or reasonably probable consequence of the defendant's act or omission, it was probably caused by such act or omission. In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant you are considering. If you find that the defendant you are considering has proven that the plaintiff complains about an injury which would have occurred even in the absence of the alleged unlawful conduct of the defendant you are considering, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the act or omission of the defendant you are considering and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant you are considering.

### E.    Summary

On your Verdict Sheet, you will see questions asking whether either Mr. Lee or Mr. Arias proximately caused Mr. Herrera-Amador to be maliciously prosecuted. If you find that Mr. Herrera-Amador has proven, by a preponderance of the evidence, all of the elements I just discussed with respect to one of the Defendants, you should find for Mr. Herrera-Amador against that Defendant and mark "Yes" where appropriate on the Verdict Sheet. If, however, you find that Mr. Herrera-Amador has failed to satisfy any of the elements with respect to one of the Defendants, you should find for that Defendant and mark "No" on the Verdict Sheet.

## III.   DAMAGES

Now let us discuss money damages. If Mr. Herrera-Amador has proven by a preponderance of the evidence that either or both of the Defendants are liable for his claim, then you must determine the amount of money that Mr. Herrera-Amador is entitled to receive. You must independently consider liability for each defendant: the fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendant is also liable. Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.

With damages, as with liability, the Plaintiff bears the burden of proving his case by a preponderance of the evidence. I will discuss several types of damage awards with you: compensatory damages and punitive damages. But first, a cautionary note.

### A.    Cautionary Note

You should not infer that the Plaintiff is <u>entitled</u> to damages just because I am providing instructions on <u>how</u> to award damages. You must decide on liability <u>first</u>. I am instructing you on damages only so that you will have comprehensive guidance if you decide that the Plaintiff is, in fact, entitled to recovery.

### B.    Compensatory Damages

Next, we will discuss "compensatory" damages, so called because their purpose is to award just and fair compensation for any loss from a defendant's violation of a plaintiff's rights. Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damages suffered. You may award compensatory damages only for any injury that the plaintiff proves was caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less. You may not simply award damages only for those injuries that are a proximate result of conduct by the defendant that violated the plaintiff's federal rights under color of law.

A plaintiff subjected to a deprivation of liberty is entitled to recover compensatory damages for inherent loss of liberty, including for the denial of free movement and the violation done to an individual's dignity as a result of the deprivation of liberty. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Finally, let me also caution you that the issue of attorneys' fees is a matter solely for the court and you should not consider that issue in your deliberations.

### C.   Punitive Damages

Mr. Herrera-Amador is seeking "punitive damages." Punitive damages are awarded over and above any compensatory damages. The purpose of punitive damages is both to punish a wrongdoer for extreme or outrageous conduct, and also to deter or prevent a defendant or others like him from committing such conduct in the future.

You may award punitive damages if you find that the acts or omissions of the defendant you are considering were done maliciously or wantonly. An act or failure to act is maliciously done if it is motivated by ill will, a bad motive, or spite. It is wanton if done with a reckless or callous disregard for the injured person's rights. Mr. Herrera-Amador has the burden of proving malice or wanton acts or omissions.

If you find by a preponderance of the evidence that the defendant you are considering acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that the defendant in question acted with callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant you are considering may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant you are considering may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which the defendant in question should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or persons like him from committing wrongful acts in the future.

### IV.   DELIBERATIONS

I have now outlined for you the rules of law that apply to this case, and the processes by which you must weigh the evidence and decide the facts. In a few minutes you will retire to the jury room for your deliberations. Remember, you must all agree on the verdict. And, your verdict must be unanimous. Your deliberations will be secret: you will never have to explain your verdict to anyone.

### A.   Duties and Norms

Your role—to reach a fair decision based on the law and the evidence—is an important one. I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law. You must keep this in mind when you determine the facts. All parties to a civil lawsuit—in this case, three individuals—are entitled to a fair trial. They are equal before the law. As you deliberate, remember that the dispute between the parties is, for them, a very important matter. They—and the court—rely on you to give full and fair consideration to the issues and evidence before you. Your only interest is to seek the truth from the evidence in the case.

When you return to the Jury Room, I will send in all the exhibits that were received in evidence so you have them during your deliberations. I will also provide each of you with a copy of these jury instructions. You must consider the instructions as a whole and not single out any one instruction as stating the law. If you wish to have any portion of the testimony repeated, please indicate that to me in a note, which you can provide to my deputy, Joseph Recoppa. Please be as specific as possible in describing what portion of the transcript you wish to review. If you need to ask me a question, or to communicate with me during your deliberations for any reason at all, please send me a note through the marshal or my Courtroom Deputy, Joseph Reccoppa. I will either reply in writing or bring you back into the courtroom to answer your message.

You have a collective duty to deliberate <u>together</u>. Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury. When you are in the jury room, make an effort to listen to each other as you discuss the evidence and issues in the case. While you are discussing the case, please be open to re-examining your own opinions, and to changing your mind if you become convinced that you are wrong about something. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Your goal is to reach agreement on a unanimous verdict, as long as you can do so without violating your individual judgment and your conscience.

You will not discuss this case with anyone outside the Jury Room. That includes your fellow jurors. You will only discuss the case when all the jurors are together, in the Jury Room, with no one else present, behind the closed door. At no other time is there to be any discussion about the merits of the case.

### B.   Selecting a Foreperson

The first thing you should do when you get to the Jury Room is select one of you as the foreperson. The foreperson will help to guide your deliberations and will speak for you here in the courtroom. Traditionally, Juror Number 1 acts as foreperson. If, however, Juror Number 1 does not wish to serve as foreperson, then I suggest that you select another jury member to act as your foreperson. In order for your deliberations to proceed in an orderly fashion, you must have a foreperson, but his or her vote is entitled to no greater weight than that of any other juror.

11

### C.    The Verdict Sheet

When you retire to the Jury Room, you will be given the Jury Verdict Sheet. It will contain a series of questions, as I have noted throughout these instructions. You must answer these questions unanimously, based on the preponderance of the evidence. The foreperson will write the jury's unanimous answer in the spaces provided on the Verdict Sheet. The Verdict Sheet is intended to be self-explanatory, and contains many written instructions that remind you of the standards for certain claims, as well as instructions that explain how all the answers fit together. For example, the answers for some questions depend on the answers you gave to prior questions. If you have any questions about the Verdict Sheet, or if you need clarification on the meaning of a particular instruction, do not hesitate to ask me.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any aspect of your deliberations, until after you have reached a unanimous verdict. At the conclusion of your deliberations, the foreperson should check the Verdict Sheet carefully to make sure that the jury has followed all instructions, and that you have accurately answered all questions that need to be answered. Then, the foreperson will sign and date the Verdict Sheet. At that time, you should simply send me a note saying, "We have reached our verdict." When you are summoned back to the courtroom, please bring the Verdict Sheet with you. The foreperson will be asked to read the answers on the Verdict Sheet in response to my questions.

### D.    Conclusion

Your oath sums up your duty, and that is: Without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court, and the law as I have described it. I thank you for performing this critical duty in support of our system of justice.

Now, members of the jury, we are almost done. Please remain seated for a brief moment while I confer with the attorneys to see if there are any additional instructions they would like me to deliver prior to your deliberations.